**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

RAUL TISCARENO,                    )    Case No. LA CV 16-5097 CJC (JCG)
                                   )
                    Petitioner,    )    **ORDER ACCEPTING REPORT AND**
                                   )    **RECOMMENDATION OF UNITED**
          v.                       )    **STATES MAGISTRATE JUDGE**
                                   )
W.L. MONTGOMERY, *Warden*,         )
                                   )
                    Respondent.    )
                                   )

　　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed: (1) the Petition for Writ of Habeas Corpus ("Petition"), [Dkt. No. 1]; (2) Respondent's Return to the Petition ("Return"), [Dkt. No. 11]; (3) Petitioner's Reply to the Return ("Reply"), [Dkt. No. 19]; (4) the Magistrate Judge's Report and Recommendation ("R&R"), [Dkt. No. 20]; (5) Petitioner's Objections to the R&R ("Objections"), [Dkt. No. 24]; and (6) the remaining record, and has made a *de novo* determination.

　　　　Petitioner's Objections generally reiterate the arguments made in his Reply, and lack merit for the reasons set forth in the R&R.  There is one issue, however, that warrants brief discussion here.

　　　　In his Objections, Petitioner opposes the R&R's conclusion that the evidence amply supported the jury's finding that Petitioner formed the requisite intent to commit the robbery, and therefore contends that the evidence was insufficient to find that he

was a "major participant" in the murder — a finding of which is necessary for the application of robbery-murder special circumstances. (Objections at 2-3); *see also* Cal. Penal Code § 190.2(d). In support of his claim, Petitioner relies on *People v. Banks*, 61 Cal. 4th 788, 802 (2015), which held that a defendant who was not at the scene of the murder and who was, at most, a getaway driver could not be considered a "major participant" in the murder. *Id.* at 805-07.

This reliance is misplaced.

As a general matter, "every person, not the actual killer, who, with reckless indifference to human life and as a major participant" aids or abets the crime may be convicted of special-circumstance murder." Cal. Penal Code § 190.2(d). In *Banks*, the California Supreme Court held that "major participation" is found where a defendant is "actively involved in every element" of the robbery "and was physically present during the entire sequence of criminal activity culminating in the murder." *See Banks*, 61 Cal. 4th at 802 (citing *Tison v. Arizona*, 481 U.S. 137, 158 (1987)).

Here, and as the R&R explained, the victim had told her close friend that Michael Bonfiglio ("Bonfiglio") wanted her laptop, but that she was not going to give it to him. (Lodg. No. 2, Reporter's Transcript ("RT") at 2110-2112, 2129.) Petitioner's friend testified that on the day before the murder, Bonfiglio and Daniel Martinez ("Martinez") tried to convince a third person to join a plan, the details of which Petitioner's friend did not know. (Lodg. No. 1, Clerk's Transcript ("CT") at 431, 434, 440-42.) After the third person refused, Petitioner volunteered to join the plan. (CT at 432-33.) The next morning, a witness saw Petitioner, Bonfiglio, and Martinez in the car with the victim just minutes before she was found dead in the driver's seat, with a single gunshot wound to the back of her head. (RT at 1875-85, 1892-93, 2496-98); *see also People v. Tiscareno*, 2015 WL 1346472, at *1, *2 (Cal. Ct. App. Mar. 24, 2015). When Petitioner was arrested, the victim's laptop was found on his bed. (RT at 2221-22, 2728.)

As the California Court of Appeal correctly noted, the three men could have easily taken the victim's laptop because she was outnumbered and unarmed, but instead, they forced her to accompany them away from her apartment, and shot her in the back of the head. *See Tiscareno*, 2015 WL 1346472, at *5; (RT at 118-19, 1846-49, 1875-82, 1893, 1926-29, 2127-28, 2179-81). Based on this evidence, a jury could have reasonably concluded that Petitioner, Bonfiglio, and Martinez intended to rob the victim of her laptop and to kill her, and that Petitioner was "actively involved in" and "physically present during the entire sequence of criminal activity culminating in the murder." *See Banks*, 61 Cal. 4th at 802; *see also People v. Abilez*, 41 Cal. 4th 472, 506-07 (2007) ("[T]he intent required for robbery . . . is seldom established with direct evidence but instead is usually inferred from all the facts and circumstances surrounding the crime.") (citation omitted). Put another way, the record contains substantial evidence to support the finding that Petitioner was a major participant and assisted in the victim's murder with the intent to eliminate the victim as a witness. Therefore, the evidence is sufficient for the application of robbery-murder special circumstances.

//

//

//

//

//

//

1       Accordingly, IT IS ORDERED THAT:

2       1.     The Report and Recommendation is approved and accepted;

3       2.     Judgment be entered denying the Petition and dismissing this action with

4  prejudice; and

5       3.     The Clerk serve copies of this Order on the parties.

6       Additionally, for the reasons stated in the Report and Recommendation, the

7  Court finds that Petitioner has not made a substantial showing of the denial of a

8  constitutional right. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b); *Slack v. McDaniel*,

9  529 U.S. 473, 484 (2000). Thus, the Court declines to issue a certificate of

10  appealability.

11

12

13  DATED:   August 30, 2017         _____

14                         HON. CORMAC J. CARNEY
                      UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28